**Demond Willie POTTS, Petitioner–Appellant,**

v.

**Stuart J. RYAN, Respondent–Appellee.**

No. 08–55115.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 8, 2010.

Zandra L. Lopez, Esquire, San Diego, CA, for Petitioner–Appellant.

Demond Willie Potts, Calipatria, CA, pro se.

Chung Mar, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Demond Willie Potts appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Potts contends his due process rights were violated because a witness' in-court identification of Potts as an assailant resulted from viewing an unduly suggestive photograph of Potts prior to trial. Even assuming, as the district court did, that the pretrial identification procedure was unduly suggestive, the witness' in-court identification of Potts during the trial was reliable under the factors announced in *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Accordingly, the state court's rejection of this claim did not constitute an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

To the extent Potts argues the witness' identification of him at the preliminary hearing occurred under unduly suggestive circumstances, we construe the argument as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).